In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1370

VICTOR ROBINSON,

*Plaintiff-Appellant,*

*v.*

JOLINDA WATERMAN, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 18-CV-01117-JPS — **J.P. Stadtmueller**, *Judge.*

SUBMITTED MAY 19, 2021 — DECIDED JUNE 9, 2021

Before BAUER, KANNE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge*. Victor Robinson, a Wisconsin inmate, was given medication belonging to a different inmate, fell ill, and passed out, suffering a concussion in the process. He brought this deliberate-indifference suit against the prison officials who he believed were responsible for the mix up with the medication. When Robinson failed to respond to defendants' motion for summary judgment or dispute their version of the events, the district court entered summary judgment

against him. Because no reasonable jury could conclude that the defendants were deliberately indifferent to a serious medical risk, we affirm.

While housed at the Wisconsin Secure Program Facility, Robinson was offered new medication. At first he balked; unaware of any prescription, he questioned the officer who gave it to him and even followed up with the health-services manager and others in the health-services unit. Despite learning that there was no record of any new prescription for him, Robinson nevertheless relented and began taking the medication.

A few days later, Robinson experienced dizziness and blurred vision, and then passed out. His fall apparently caused a concussion, and he was sent to the health-services unit, where a nurse named Angela Drone (whom he misidentified as "Nurse Anderson" in his complaint) advised him to keep taking the medication. Robinson then was sent to an outside hospital, where doctors surmised that he might be allergic to the medication. When Robinson returned to the prison, he refused the medication. Insisting that the prescription must not have been intended for him, he asked a nurse at health services to look into the matter. She confirmed that the prescription was meant for a different inmate. He was not offered the medication again.

Robinson sued several prison officials, including the health-services manager, "John" and "Jane Doe" nurses involved in his care, and officers who distributed the medication to him. The district court screened the complaint and allowed Robinson to proceed on three claims: (1) that Nurse Anderson, whom the court added as a defendant, was deliberately indifferent to a serious medical risk by directing him to take the medication after he had a reaction to it, (2) that the

health-services manager failed to intervene, in violation of his constitutional rights, and (3) that the nurses and officers responsible for giving the medication to him were negligent under Wisconsin law.

The defendants eventually moved for summary judgment. Robinson did not file a response, as the district court had required in its scheduling order. More time passed, and—20 days after his deadline for filing a brief opposing summary judgment—he filed a brief to support his own request for summary judgment, supplemented by a proposed statement of facts. He did not respond to the defendants' statement of facts.

The district court entered summary judgment for the defendants. Because Robinson did not respond to the defendants' summary judgment motion, the court concluded that Eastern District of Wisconsin Local Rule 7(d) authorized granting the motion. Alternatively, the court observed, Robinson's failure to respond to the defendants' statement of facts entitled it under Local Rule 56(b)(4) to deem the facts admitted and adequate to support summary judgment.

Robinson moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that the court should have construed his belated filings—*i.e.*, his brief in support of summary judgment and his proposed statement of facts—as a response to the defendants' motion. He attached a copy of the response that he would have filed. The district court denied the motion, explaining that Robinson had not pointed to a legal or factual error or to new evidence that precluded a judgment for the defendants.

On appeal, Robinson principally challenges the entry of summary judgment for the defendants based on his failure to respond. The court, he contends, should have been more lenient with him, given his pro se status, and construed his later filings as a response sufficient to withstand summary judgment.

We note at the outset that the district court was wrong to say that Robinson's failure to oppose the motion was "sufficient grounds, standing alone, to grant the motion." Regardless of the local rules, a failure to file a timely response to such a motion is not a basis for automatically granting summary judgment as some kind of sanction. See *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citing cases); see also *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (extending rule to analogous context of Rule 12(b)(6)). Even where a nonmovant fails to respond to a motion for summary judgment, the movant "still had to show that summary judgment was proper given the undisputed facts," *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011), with those facts taken as usual in the light most favorable to the nonmovant.

Even so, summary judgment for the defendants was proper. The district court permissibly applied Local Rule 56(b)(4) to deem the defendants' facts unopposed, regardless of Robinson's later filings. See *Flint v. City of Belvidere*, 791 F.3d 764, 766–67 (7th Cir. 2015). And based on the defendants' statement of facts, no reasonable jury could conclude that Nurse Anderson (whom Robinson mistook for Nurse Drone) was deliberately indifferent to a serious medical risk, as she was not involved in his medical care. See *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor could a jury conclude that the health-services manager violated his

constitutional rights by failing to intervene, where Robinson submitted nothing to suggest that an underlying constitutional violation had occurred. See *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). As for Robinson's state-law negligence claims, those were barred by Wisconsin's notice-of-claim statute, see Wis. Stat. § 893.82(3), because his notice of claim—which referred to the defendants only as "officers" and "John" and "Jane Doe" nurses—failed to comply strictly with the statute by using the defendants' correct names. See *id*. § 893.82(2m); *Est. of Hopgood v. Boyd*, 825 N.W.2d 273, 278 n.11 (Wis. 2013).

Robinson next challenges the denial of his Rule 59(e) motion on the ground that the court erred by ignoring the fact that he supplemented his motion with a copy of the response brief he intended to file in opposition to the motion for summary judgment. But the court did nothing wrong. A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). The district court rightly determined that Robinson did not make either showing. A Rule 59(e) motion is not meant to allow a party to undo errors made in the district court before the judgment. See *A&C Construction & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

We have considered Robinson's other arguments, and none has merit.

AFFIRMED