NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2021[*]
Decided August 17, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2223

| | |
|---|---|
| GREGORY PATMYTHES, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 16-cv-738-wmc |
| CITY OF MADISON, *Defendant-Appellee.* | William M. Conley, *Judge.* |

**O R D E R**

Gregory Patmythes, who has cystic fibrosis, sued his then-employer, the City of Madison, Wisconsin, under the Americans with Disabilities Act and the Rehabilitation Act. 42 U.S.C. § 12101; 29 U.S.C. § 794. He alleged that the City discriminated against him by denying him the reasonable accommodation of a noncompetitive reassignment and subjected him to a hostile work environment by failing to discipline coworkers who made offensive comments about his disability. The district court entered summary judgment for the City and denied Patmythes's motions for post-judgment relief. On

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

appeal, Patmythes attempts to reargue the merits of his claims, but in a prior order we limited our review to his timely appeal of the denial of his post-judgment motions. Finding no abuse of discretion, we affirm.

Because we are not reviewing the merits of Patmythes's claims, we only briefly summarize the underlying facts. In 2014, Patmythes, who had worked at the City of Madison as a Zoning Specialist since 2004, asked the City's Accommodation Specialist for a reasonable accommodation for respiratory problems related to his cystic fibrosis. He suggested a high efficiency particulate air filter in his office space or a transfer to a different department; the Accommodations Specialist initially offered an ultraviolet germicidal irradiation device or transfer to an office with a window. She explained that the City would not consider reassignment until the accommodations available in his current role were exhausted. She and Patmythes corresponded for about a year without settling on accommodations. During that time, Patmythes applied for several open positions within the City and was not selected for any. Within the same time frame (in July 2014), a human resources specialist told Patmythes that he was "a pain in the ass" because of his frequent use of medical leave.

Patmythes complained to Wisconsin's Employment Relations Commission and obtained a Notice of Right to Sue. He then alleged in a federal complaint that the City had discriminated against him because of his disability, failed to reasonably accommodate his condition, and subjected him to a hostile work environment. *See* 42 U.S.C. § 12101; 29 U.S.C. § 794. The City eventually moved for summary judgment. The district court granted the motion in June 2018 (shortly after Patmythes quit his job with the City), after determining that the evidence as a whole would not permit a reasonable factfinder to conclude that the City had discriminated against Patmythes or denied him a reasonable accommodation. *See Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 958 (7th Cir. 2021). In its order, the court also denied a pending motion to recruit counsel for Patmythes, explaining that he had "done a more than adequate job representing himself through summary judgment." Patmythes did not file a timely notice of appeal.

Instead, 29 days after the court entered judgment, Patmythes filed a combined motion under Rules 59(e)and 60(b) of the Federal Rules of Civil Procedure. He principally argued that the court should reconsider its decision not to recruit counsel for him before entering summary judgment. He also cited "errors" in the record and "new evidence" of the City's questionable hiring practices as grounds for relief from the judgment. Seven months later, he submitted another Rule 60(b) motion. This time he

attached a belated response to the proposed findings of fact that the City had submitted to support its summary-judgment motion over a year earlier.

The court denied both post-judgment motions in May 2020. It explained that Patmythes was attempting to "relitigate old matters" but had identified no reason to disturb the summary-judgment ruling. With an extension of time, Patmythes filed a notice of appeal on July 8, 2020. *See* FED. R. APP. P. 4(a)(5).

In his appellate brief, Patmythes reargues the merits of his claims. But, as we stated in our order of October 19, 2020, he did not timely appeal the judgment on the merits, and so we have no jurisdiction to consider those arguments. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017). We can consider only whether the district court abused its discretion when it denied his Rule 59(e) and 60(b) motions. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). Because he did not file his July 2018 combined motion within 28 days of the judgment, we hold it to the "higher Rule 60(b) burden" along with the February 2019 motion, and we conclude that neither of the district court's rulings was an abuse of discretion. *Id.*; *see Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012) ("an untimely Rule 59 motion is treated as a motion under Rule 60(b)").

First, the district court did not err by declining to set aside the judgment and recruit counsel for Patmythes to file new summary-judgment briefs. Both his July and February motions argued that the court should have recruited counsel or given him "greater latitude" as a pro se litigant. The court explained that its decision not to recruit counsel was based on Patmythes's apparent competence to conduct his own litigation. *See Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc). In particular, the court found his "clearly written" filings, which included citations to relevant authority and reflected extensive evidence-gathering, to be readily understandable. The court applied the correct standard and reached a reasonable conclusion; no more was required. *Id.* at 658. Further, the record reflects that the court accommodated Patmythes's pro se status when, for example, it extended filing deadlines. It was not required to relax its standards, however, as "pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

The district court also acted within its discretion in determining that Patmythes had adduced no "newly discovered evidence" that could warrant relief from the judgment. FED. R. CIV. P. 60(b)(1)-(2); *see Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (discussing newly discovered evidence under Rule 59(e)). With his February

motion, he appended circumstantial evidence of the City's allegedly problematic hiring practices—including workplace emails and news coverage of accusations of race and gender bias in City offices—as well as much-belated additional proposed findings of fact. Although this evidence was not part of the summary-judgment record, none of it was newly discovered, *see* Rule 60(b)(2), because it all predated Patmythes's response to the City's motion in March 2018. Patmythes failed to explain why he submitted "evidence that was available at all times" with his second Rule 60(b) motion rather than his opposition to summary judgment a year earlier. *Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018). Thus, Patmythes's additional exhibits (even if admissible as evidence, *see* FED. R. CIV. P. 56(c)(2)) did not warrant reopening the case.

Finally, we need not decide whether Patmythes's disability was itself an exceptional circumstance justifying relief from the district court's judgment. He raises that argument for the first time here, but arguments not raised in the district court are waived on appeal. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

We note in closing that Patmythes's accusations that the district court clerk's office "mishandled" his filings, and that the judge engaged in "character assassination" while applying "the wrong facts, law, and cases," among other alleged misdeeds, are wholly unsupported by the record.

AFFIRMED