NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2021[*]
Decided September 3, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2979

| | |
|---|---|
| CRISTA E. NOEL, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 8188 |
| BRUNO COLTRI, <br> *Defendant-Appellee*. | Sara L. Ellis, <br> *Judge*. |

## O R D E R

Crista Noel was convicted in state court of the misdemeanor of resisting arrest; in response, she sued the arresting officer, Bruno Coltri, accusing him of violating her

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

constitutional rights during the seizure and maliciously prosecuting her afterward. The district court rejected most of her claims at summary judgment, and a jury found for the officer on the surviving claims. Noel appeals the district court's entry of summary judgment, the judgment on the jury's verdict, and other pre-trial, trial, and post-judgment rulings. Because the jury's verdict is based on sufficient evidence, the summary-judgment record does not justify trying other claims, and the remaining challenges are meritless, we affirm.

We present the trial evidence in the light in which a reasonable jury could view it when finding in favor of Officer Coltri. See *Fields v. City of Chicago*, 981 F.3d 534, 562 (7th Cir. 2020). On New Year's Day in 2009, Officer Coltri encountered Noel when he arrived to back up an officer's stop of another driver. He spotted Noel's car in a no-parking zone and warned her that he would ticket her if she stayed there. He followed her as she pulled into a nearby parking lot. Once in the lot, Noel got out of her car on foot. As she approached his car, she cursed at Officer Coltri about his policing. To protect himself, he got out of the car. She then bumped her chest against him. Coltri responded by arresting her for striking him. As he attempted to handcuff her, Noel kicked, slapped, and hit him. He held her against the hood of the squad car, and was eventually able to handcuff her. Noel was charged with aggravated battery and resisting arrest; after a trial on both charges, she was convicted of the latter. See 720 ILCS 5/12-3.05(d)(4)(i), 5/31-1. The Illinois Appellate Court upheld that conviction, see *Illinois v. Noel*, No. 1-10-3302 (Ill. App. Ct. June 22, 2012), and the Illinois Supreme court declined review.

Noel responded with this suit under 42 U.S.C. § 1983. She alleged that Officer Coltri violated her rights under the First Amendment (by arresting her for protesting his policing), the Fourth Amendment (by arresting her with undue force and without probable cause), the Fourteenth Amendment (by denying her equal protection of the law), and state law (by maliciously prosecuting her). The case unfolded in three stages. First, Coltri sought summary judgment. He argued in part that the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), barred some of Noel's claims as impermissible attacks on her conviction for resisting arrest. The district court entered summary judgment in Officer Coltri's favor on all but two claims. The second stage was the trial on those two claims: malicious prosecution and a "class of one" equal-protection claim, which asserted that Officer Coltri pressed charges against her out of spite. After the trial, a jury found for the officer. In the final stage, Noel moved for a new trial. The court denied that motion.

On appeal, Noel first argues that the district court improperly rejected her First Amendment claim. She argues that she presented evidence that Officer Coltri wrongly arrested her over what she says was legitimate verbal protest. But Noel expressly waived this claim in her memorandum opposing summary judgment, so the court rightly disposed of it. See *Walker v. Ingersoll Cutting Tool Co.*, 915 F.3d 1154, 1157 (7th Cir. 2019). In any event, because Officer Coltri had a valid, objective ground for the arrest—chest-bumping and violent resistance to handcuffs—any improper, subjective motive did not spoil the validity of the arrest. See *Nieves v. Bartlett*, 139 S. Ct. 1715, 1723 (2019).

Next, Noel contests the entry of summary judgment on her Fourth Amendment claim, raising two contentions. First, she argues that, factually, a jury could find that Officer Coltri used undue force to arrest her and that, under *Heck* and *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010), a conviction for resisting arrest is not necessarily incompatible with a claim that an officer used undue force to overcome the resistance. Her legal point about *Evans* is correct, but nothing supports her claim factually. Under both *Heck* and *Evans*, she may not contest that she resisted—she slapped, kicked, and hit Officer Coltri—as he tried to arrest her; his reaction to that resistance by restraining her on the squad car's hood in order to arrest her was not unreasonable.

Noel's second contention under the Fourth Amendment is that Officer Coltri seized her without probable cause. She argues that, before she bumped her chest into him, he had already unlawfully arrested her by following her into the parking lot where, she says, he confined her. The applicable test is whether she felt unable to "terminate the encounter" in the parking lot. See *United States v. Radford*, 856 F.3d 1147, 1149 (7th Cir. 2017) (citing *Florida v. Bostick*, 501 U.S. 429, 436 (1991)). But no evidence supports the contention that she thought she could not leave the lot. To the contrary, in the district court she conceded that, although Officer Coltri's squad car partially blocked one exit to the lot, she knew that she could have left the lot by car through another exit; moreover, she in fact did leave the car by foot when she chose to rush at the officer.

That brings us to the trial on the equal-protection and malicious-prosecution claims. We give "great respect" to jury verdicts, *Fields*, 981 F.3d at 562, and Noel has made challenging the verdict harder by ordering only excerpts rather than the full trial record, despite our order that she supply us with "any transcripts necessary to her appeal." But because the parties do not dispute the accuracy of those excerpts or our

ability to use them to review Noel's challenges to the verdict, we may review her challenges. See *United States v. De Horta Garcia*, 519 F.3d 658, 660 (7th Cir. 2008).

For her equal-protection claim, Noel argues that, without rational basis, Officer Coltri had her prosecuted for aggravated battery and therefore discriminated against her as a "class of one." To obtain a new trial on this claim, Noel must show that a jury could not have reasonably found that the officer had a "conceivable" rational basis to press this charge. See *145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 770–71 (7th Cir. 2021). She cannot. Illinois defines aggravated battery as "knowingly or intentionally … mak[ing] physical contact of an insulting or provoking nature with an on-duty police officer." 720 ILCS 5/12-3.05(d)(4)(i). The jury knew that Noel chest-bumped Officer Coltri and then slapped, kicked, and hit him. Based on these actions, the jury could readily conceive of ample rational grounds for Officer Coltri to charge her with aggravated battery.

Likewise, Noel cannot undermine the jury's verdict rejecting her claim that, by charging her with aggravated battery, Officer Coltri committed the Illinois tort of malicious prosecution. To prevail on this claim, she had to show that the officer lacked probable cause to press that charge and he maliciously had her prosecuted. See *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495–96 (Ill. 2019). But as we just said, the officer had reasonable grounds for the charge based on Noel's misconduct, and the jury was free to credit his testimony that he pressed charges because of that misconduct and not out of malice. See *Fields*, 981 F.3d at 562.

We also reject Noel's three last challenges. First, she contests various evidentiary and pre-trial rulings, arguing that the district court was biased against her. But she has not supplied the transcripts that give context to these rulings, *see* FED. R. APP. P. 10(b)(2), which we would ordinarily review for abuse of discretion. *Fields*, 981 F.3d at 543. So she has forfeited these challenges. See *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011). Next, the district court properly denied Noel's post-judgment motion, which invoked Rules 52, 59, and 60 of the Federal Rules of Civil Procedure. She argued that her counsel was ineffective, Coltri perjured himself and concocted evidence, and the court's rulings were arbitrary and biased. The court correctly observed that Rule 52(a) does not apply to a case, like Noel's, tried to a jury. Noel's ineffective-assistance argument is meritless because "ineffective assistance is not a ground for reversal in a civil matter." *Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015). And the court reasonably rejected the remaining arguments on the grounds that adverse rulings alone

do not evince bias, *Liteky v. United States*, 510 U.S. 540, 555 (1994), and that Noel did not show why she could not have raised her other arguments earlier. See *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Finally, Noel argues for the first time on appeal that the statute under which she was convicted is unconstitutional; this belated argument, which if accepted in this § 1983 action would necessarily invalidate her conviction is barred by both *Heck* and *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973).

AFFIRMED