NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022[*]
Decided February 17, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 20-1133

| | |
|---|---|
| MARLON WATFORD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | 3:17-CV-1252-NJR-GCS |
| | |
| STEVEN NEWBOLD, et al., | Nancy J. Rosenstengel, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Marlon Watford, an Illinois prisoner, appeals the entry of summary judgment for two prison dentists on his claims that they acted with deliberate indifference in failing to treat his cavity. The district court concluded that Watford failed to exhaust his

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

administrative remedies against one dentist and failed to introduce evidence to support deliberate indifference on the part of the other. We affirm.

The following facts we construe in the light most favorable to Watford. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Watford says that a dental check-up in 2014 revealed a cavity in one of his lower right teeth—tooth number 31. According to Watford, the dentist did not tell him about the cavity and instead told the dental assistant, in medical jargon that Watford could not understand, to mark the cavity as "drawn in." For that tooth, Watford was not put on a list to receive a filling, and he received no treatment. Watford identified the dentist as Dr. Newbold. (Watford's contemporaneous medical records, however, show that this dentist was a Dr. Stroh and do not reflect a cavity on tooth number 31.)

At a dental check-up two years later in 2016, a dentist (unidentified in the record) told the assistant to mark tooth number 31 as having a cavity, and the assistant replied that the tooth was already marked as such. Watford, hearing that he had a cavity, asked to get a filling as soon as possible; he was placed on the filling list. Watford insists that the dentist was again Newbold. (The record of this visit is incomplete and names only the dental assistant.)

A few days after this visit, Watford filed a grievance over his dental care. He complained that since the 2014 check-up, dental staff had conspired to conceal his cavity and deny him treatment, subjecting him to unnecessary pain for years. His grievance was denied as untimely.

Several months later, he went to receive the filling for tooth number 31. But another prison dentist, Dr. Veera Kaja, refused to fill the tooth after she reviewed an x-ray that showed no evidence of a cavity. (Watford contends she refused due to a directive from Newbold, but the medical records confirm that she based her decision on the x-ray.)

About a year later, Newbold saw Watford and explained that x-rays showed that he had a minor superficial imperfection on tooth number 31. Newbold told Watford that this could be fixed but doing so was not urgent or necessary.

Watford then filed this deliberate-indifference suit, asserting (as relevant here) that Newbold discovered the cavity in 2014 and concealed it, and that Kaja intentionally refused to fill it. Further proceedings ensued. Newbold and Kaja moved for summary judgment on exhaustion grounds; Watford, they argued, failed to exhaust his

administrative remedies because his grievance complained only of conduct that predated their treatment. Watford then asked the court to appoint an expert dental witness to help him prove that he had a cavity on tooth number 31. Later, the district judge, suggesting that entry of summary judgment was imminent, denied the motion without prejudice.

The district judge, adopting a magistrate judge's recommendation, determined that Watford failed to exhaust his administrative remedies against Kaja because she treated him only after he filed his grievance. As for Watford's claims against Newbold, the judge explained that she was prepared to enter summary judgment in Newbold's favor because no reasonable jury could find that he was deliberately indifferent to a serious medical need. FED. R. CIV. P. 56(f). The judge found undisputed the evidence that (1) the 2014 exam was performed by Dr. Stroh, not Dr. Newbold, and (2) Watford's tooth number 31 had merely a slight defect, not a cavity.

Watford responded to the court's order with two arguments. First, he asked the judge to reconsider her exhaustion ruling, arguing that Kaja's concealment of his cavity was part of a "continuing violation" for purposes of the exhaustion requirement. Next, he challenged the judge's proposal to enter summary judgment for Newbold, asserting that Newbold was his dentist in 2014, or at the very least that Newbold knew about the cavity and failed to treat it.

The judge ultimately entered summary judgment for Newbold. She concluded that Watford failed to put forth any evidence that Newbold performed the 2014 dental exam, that Newbold knew about the cavity before 2016, or that Newbold concealed any information about the cavity. The judge also denied Watford's request to reconsider her exhaustion ruling, explaining that the continuing violation doctrine did not apply (because Watford was not complaining about any ongoing policy), and that she had not made any manifest error of law.

Watford then moved to alter the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, repeating his earlier arguments and seeking to introduce an affidavit from a fellow prisoner who had received adequate dental care from a different prison dentist. The judge, unconvinced that there was any newly discovered evidence or that she had made any manifest error of law or fact, denied this motion.

On appeal, Watford argues that the judge failed to draw appropriate inferences from the facts in his favor. First, he argues that the dental assistant's statement in 2016 that tooth number 31 was marked for a filling leads to inferences that (1) the presence of

a cavity in tooth number 31 had been noted in his records before 2016, and (2) Newbold concealed this cavity and later directed Dr. Kaja to refuse to treat it. But these inferences, based only on Watford's assertion of what the dental assistant said, are speculative and unreasonable in light of the contents of the contemporaneous medical records. *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012). The records from March 2014 reflect that tooth number 31 was not marked as having a cavity, and the records from November 2016 reflect that Kaja refused to give Watford a filling based on her reading of an x-ray.

Watford argues that other, similarly speculative inferences should establish that Newbold was the dentist who examined him in 2014. He asserts, for instance, that the absence of a dentist's signature on the report of his 2016 exam confirms that the examining dentist must have been Newbold, who refused to sign the report because he had a guilty conscience over his prior mishandling of Watford's tooth. He also maintains that Newbold must have been the dentist who examined him in 2014 because Newbold reviewed Watford's dental records around the time of the 2014 check-up, something he would do only if he were preparing to examine Watford. But these speculative inferences cannot overcome the record of the 2014 examination, which shows that Dr. Stroh was the dentist who saw him then.

Next, Watford challenges the district judge's conclusion that he did not exhaust his administrative remedies against Kaja. He insists that, like the plaintiff in *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013), his grievance complained of a continuing violation, and so he did not need to refile a grievance with every new incident that arose because every failure to treat his cavity was all a part of the same problem. But unlike *Turley*, in which the grievance concerned a *continuing* prison policy of overly frequent lockdowns, Watford's grievance complained about dental staff concealing what he believed to be a cavity between April 2014 and May 2016—a timeline that predates Kaja's treatment of him.

Next, Watford challenges the denial of his request to provide him with an expert to substantiate his argument that he in fact had a cavity at the first check-up. But the judge appropriately denied the request because expert testimony would have been irrelevant to her summary judgment determination, based as it was on Watford's failure of proof regarding Newbold's care. *See Giles v. Godinez*, 914 F.3d 1040, 1052 (7th Cir. 2019).

Finally, Watford generally challenges the denial of his request for reconsideration. But the judge acted well within her discretion to deny the request,

given that Watford did not identify any new evidence or a manifest error of law or fact, as required by Rule 59(e). *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

We have considered Watford's other arguments, and none has merit.

AFFIRMED