NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022[*]
Decided May 20, 2022

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3079

| | |
|---|---|
| IVAN BOYD, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 20-cv-1285 |
| | |
| SARA MILLER, | William C. Griesbach, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

Ivan Boyd, a Wisconsin prisoner, appeals the entry of summary judgment for the defendant in this suit asserting that a contract nurse at the prison was deliberately indifferent towards his medical needs by not addressing a malfunctioning CPAP machine. The district court concluded that no evidence showed that the nurse was responsible for fixing the machine. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We view the facts in the light most favorable to Boyd, the party opposing summary judgment. *See Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (en banc). Boyd, who is housed at Redgranite Correctional Institution, suffers from sleep apnea and uses a CPAP machine while he sleeps. On May 28, 2020, as he prepared to sleep, he realized that his CPAP machine was not functioning because of a damaged hose.

The next day, Boyd saw Sara Miller, a contract nurse who was conducting daily COVID-19 wellness checks at the prison. While being examined for COVID-19 symptoms, Boyd informed Miller that his CPAP hose was not functioning. She verified that the machine was not working and told Boyd that she would look into the matter and return. She did not return, but she sent him a note instructing him to submit a health-service request to the health-service unit.

Later that day, Boyd sent in such a request: "Could you send me a CPAP hose. Thanks!" He did not explain that the hose was not functioning. The next day, the health-service unit denied the request because CPAP hoses are issued every six months and it was too early for Boyd to seek a replacement.

Over the next two weeks, Boyd repeatedly reminded Miller on her COVID-19 wellness checks that his CPAP hose was damaged. He also submitted additional health-service requests, one on either June 5 or June 8 (the date is illegible) and one on June 9. On his June 9 request, Boyd noted that he had told Miller about the malfunctioning machine multiple times.

In the early hours of June 10, Boyd awoke, disoriented and unable to breathe. He used an emergency alert button to call for help. An on-call nurse responded, determined the hose was not functioning, and immediately issued Boyd a new hose. Later that day, Boyd filed another request informing the health-service unit that he had "a major sleep apnea event" because he had not received a hose. The health-service unit responded the next day, noting that Miller had since provided a hose to him. (That apparently was a misstatement. Boyd received the hose not from Miller but from another nurse.)

Boyd sued Miller for deliberate indifference, in violation of the Eighth Amendment, *see* 42 U.S.C. § 1983, and for state-law negligence. (Boyd sued two other individuals, but those claims were dismissed at screening. On appeal, Boyd says nothing further about those claims, nor do we.) The district court granted Miller's

motion for summary judgment. Relying on *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), the court explained that Miller could be held liable only for her own misconduct, not the omissions of others, and it was undisputed that Miller did not ignore Boyd. The court pointed out that she looked at his CPAP machine to see if she could address his concern, and when she could not, she informed him of the prison's procedures for requesting a new hose. The court then relinquished supplemental jurisdiction over the state-law negligence claim.

On appeal, Boyd argues that the district court "misinterprets the situation" by accepting Miller's explanation that she addressed his medical concerns when she told him that he needed to make a health-service request. In his view, Miller was "in a higher position than the 'office-person' who fills medications/supplies." He construes the health-service unit's June 10 response, which identified Miller as the person who provided the hose, as evidence that she was authorized to provide a replacement.

But a reasonable jury could not conclude that Miller deliberately ignored Boyd's medical need. "[N]o prisoner is entitled to insist that one employee do another's job." *Burks*, 555 F.3d at 595. Miller was monitoring Boyd for COVID-19 symptoms, and Boyd points to no evidence that she was responsible for his other medical treatments. *See id.; see also Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (no deliberate indifference when nurse, who was not responsible for prescription, advised prisoner to keep taking medication intended for another inmate). Miller did instruct Boyd how he could present his request to someone in a position to address his needs. Boyd speculates that Miller was authorized to provide supplies for his CPAP machine, but speculation cannot defeat summary judgment. *See Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1034 (7th Cir. 2019).

AFFIRMED