**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 3, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-3069

| | |
|---|---|
| ROBERT PHONEPRASITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-CV-456-JPS |
| BRIAN GREFF, et al., *Defendants-Appellees*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Robert Phoneprasith, a Wisconsin inmate, appeals the summary judgment entered against him on his claim that prison administrators retaliated against him by restricting his library access, in violation of the First Amendment. When he failed to respond properly to the defendants' motion for summary judgment, the district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

deemed the defendants' facts undisputed and found the evidence insufficient to maintain a retaliation claim. Phoneprasith's appeal mainly challenges the denial of his motion for reconsideration, and we affirm.

Phoneprasith sued prison librarians and their supervisor under 42 U.S.C. § 1983, advancing a First Amendment retaliation claim. He asserted that, in response to an unrelated prison grievance, the defendants limited his access to the law library, removed certain materials from the library, and transferred him to another prison.

The defendants moved for summary judgment and, in accordance with the Eastern District of Wisconsin's local rules, included a numbered list of their proposed findings of fact. *See* E.D. WIS. CIV. R. 56(b)(1)(C). Phoneprasith filed a lengthy response but did not include the requisite item-by-item response to the defendants' proposed findings of fact or his own list of proposed facts. *See id*. 56(b)(2)(B). In reply, the defendants asked the court to deem their proposed facts admitted under Local Rule 56(b)(4). Phoneprasith then sought an extension of time to comply, citing COVID-19 restrictions in his prison that limited his access to the law library.

The district court entered summary judgment for the defendants. At the outset of its order, the court denied Phoneprasith's request for an extension of time. The court concluded that the record belied Phoneprasith's contention that the pandemic had limited his ability to respond: During the same time period, he was able to draft a detailed brief in opposition, prepare an affidavit, and attach a substantial number of exhibits. Treating the defendants' versions of the facts as undisputed, *see* FED. R. CIV. P. 56(e)(2); E.D. WIS. CIV. R. 56(b)(4), the court concluded that Phoneprasith failed to present sufficient evidence to maintain a retaliation claim under the First Amendment.

Phoneprasith sought reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, arguing that Federal Rule 56(e)(1) requires a district court to give parties a second chance to dispute facts in a summary-judgment motion if they failed to do so initially. Under that subsection, "If a party fails to … properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly … address the fact … ." The court denied the motion. The court explained that it opted to follow subsection (2), which alternatively allows a court to "consider the fact undisputed for purposes of the motion." The court also alluded to the language of Local Rule 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.") and our decision in *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (A district court may "permissibly

appl[y] Local Rule 56(b)(4) to deem [a movant's] facts unopposed, regardless of [a non-movant's] later filings.").

On appeal, Phoneprasith primarily maintains that the district court committed a manifest error of law by refusing under Federal Rule 56(e)(1) to give him a proper opportunity to contest the defendants' proposed findings of fact before deeming those facts admitted. But the district court—in denying reconsideration—committed no error, let alone a manifest one. In *Robinson*, a case raising nearly identical facts, we upheld the district court's denial of reconsideration of its ruling that an inmate's failure to respond to prison officials' statement of facts entitled the court, under the same local rules, to deem those facts admitted. 1 F.4th at 483. The district court here permissibly exercised its discretion to apply Rule 56(e)(2) rather than Rule 56(e)(1) and to apply its local rules "strictly." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019).

We have considered Phoneprasith's other arguments, but none has merit.

AFFIRMED