NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2026[*]
Decided April 29, 2026
Amended April 30, 2026

**Before**

THOMAS L. KIRSCH II, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

REBECCA TAIBLESON, *Circuit Judge*

No. 25-1631

| | |
|---|---|
| PAUL A. SMITH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 21-1236 |
| PAMELA E. HART as Administrator of<br>the Estate of Andrew H. Tilden, et al.,<br>    *Defendants-Appellees*. | Colleen R. Lawless,<br>*Judge*. |

**O R D E R**

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Paul Smith, an Illinois prisoner, sued Dr. Andrew Tilden,[1] the former Medical Director at Pontiac Correctional Center, along with nurse practitioners Alison Burchardt, Cheryl Hansen, and Sheila Mara, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[2] *See* 42 U.S.C. § 1983. The district court entered summary judgment for all defendants. We affirm.

We recount the facts in the light most favorable to Smith and draw all reasonable inferences in his favor. *See Riley v. Waterman*, 126 F.4th 1287, 1295 (7th Cir. 2025). Smith was incarcerated at Pontiac Correctional Center from March 2013 until June 2014, and again from June 2015 until June 2023. Dr. Tilden was the Medical Director at Pontiac when Smith was incarcerated there. During his time at Pontiac, Smith suffered from various medical conditions, including eczema, acid reflux, headaches, and swelling in his legs and feet. To treat Smith's eczema, prison medical staff administered numerous creams and topical ointments, but when those treatments proved ineffective, they referred him to a dermatologist at the University of Illinois Chicago (UIC). The dermatologist evaluated Smith for eczema and elephantiasis. Dr. Tilden reviewed the dermatologist's report and implemented all but one of the recommendations—including use of compression stockings, prescriptions for Allegra and Zyrtec, and referring Smith to a cardiologist for an echocardiogram to rule out congestive heart failure.

To treat Smith's acid reflux (and associated symptoms of heartburn), medical staff prescribed various medications, including Zantac, which effectively relieved his symptoms. After the Food and Drug Administration determined Zantac contained unsafe levels of a cancer-causing chemical, Dr. Tilden discontinued Smith's prescription and instead prescribed Pepcid and Prilosec. These proved less effective than Zantac at controlling Smith's acid reflux.

Smith also suffered from severe headaches and a painful cyst on his left temple. To treat the headaches, medical staff progressed through seven different medications, but none provided relief for Smith's symptoms. Dr. Tilden eventually prescribed an

---

[1] Dr. Tilden died during the litigation and the court granted Smith's unopposed motion to substitute Pamela Hart as the administrator of Dr. Tilden's estate.

[2] Smith also sued physician assistants James Caruso and Riliwan Ojelade. The district court concluded those claims were time-barred, and Smith does not pursue them on appeal.

eighth medication, Ultram, which did help relieve Smith's headaches. To treat the cyst, medical staff referred Smith to a dermatologist at UIC who surgically removed it. Smith did not suffer further pain after the operation and his headaches ceased.

Finally, Smith, who in 2021 weighed 367 pounds, experienced significant swelling in his legs and feet. Prison medical staff referred Smith to an outside facility for an ultrasound, which confirmed that Smith did not have a blood clot or deep vein thrombosis. Dr. Tilden, suspecting that the swelling might have been caused by water retention, prescribed a diuretic and other medication to control Smith's heart rhythm. Later, Dr. Tilden sent Smith to a cardiologist at UIC who, after an echocardiogram, ruled out the possibility of congestive heart failure. After seeing additional specialists, Smith was diagnosed with lymphedema (tissue swelling caused by fluid buildup in the lymphatic system). Smith received multiple medications for his condition, none of which was effective in reducing his swelling.

Smith filed this lawsuit in July 2021, alleging that the defendants violated his rights under the Eighth Amendment by acting with deliberate indifference toward the treatment of his various medical conditions. *See* 42 U.S.C. § 1983. He asserted that, for each of his conditions, they persisted in providing courses of treatment that they knew were ineffective. In the district court, Smith twice moved for recruitment of counsel. The court denied both motions, concluding that he appeared competent to represent himself.

After the close of discovery, the parties cross-moved for summary judgment. The district court denied Smith's motion as untimely (it was filed two months after the deadline) and granted summary judgment to the defendants. First, the court accepted the defendants' facts as undisputed because Smith had failed to respond to the defendants' undisputed material facts in the manner required by local rules. *See* C.D. ILL. R. 7.1(D)(2)(b). The court then concluded, based on those facts and its own review of the record, that no reasonable jury could find that the defendants violated Smith's rights. Undisputed medical records and Smith's own sworn testimony at a deposition showed that his providers were highly responsive to his complaints about each of his conditions, routinely provided and changed his medications when they were not effective, and followed the recommendations of the several specialists who examined Smith.

On appeal, Smith first asserts that the court abused its discretion by accepting the defendants' proposed facts as undisputed. He contends that his pro se status obligated the court to either overlook his noncompliance with the local rule requiring a

paragraph-by-paragraph response, *see* C.D. ILL. R. 7.1(D)(2)(b), or allow him to amend his response. But we have repeatedly explained that district courts may "strictly enforce" their local rules, even with respect to self-represented litigants. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 & n.2 (7th Cir. 2019). And although district courts may allow a litigant to fix a defective statement of facts, FED. R. CIV. P. 56(e)(1), Smith did not request the opportunity to do so here. Even if he had, the district court was under no obligation to permit it. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

Accepting the defendants' facts as undisputed, the record does not support Smith's claim that the defendants' treatment decisions amounted to deliberate indifference. When a prisoner believes he has received inadequate medical care in violation of the Eighth Amendment, he must show that he "suffered from an objectively serious medical condition" and that the "individual defendant[s] w[ere] deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Like the district court, we assume that each of Smith's medical conditions was serious, but the medical records and his own testimony at his deposition suggest that the defendants were attentive—not indifferent—to his ailments. Smith's testimony shows that the defendants evaluated him repeatedly, sent him to outside specialists for testing and procedures, and prescribed and adjusted the dosage of different drugs when he complained that some were not effective. *Cf. Arce v. Wexford Health Sources Inc.*, 75 F.4th 673, 681 (7th Cir. 2023). For example, after Smith complained that the medications he received for his headaches were ineffective, Dr. Tilden prescribed him Ultram, which Smith confirmed was effective during his deposition. For his cyst, Dr. Tilden referred Smith to UIC for an excision, which Smith confirmed was successful and relieved his pain. For his eczema and swelling, Smith's medical records show—and he did not dispute—that prison medical staff prescribed him new medications after he complained, referred him to outside specialists, and implemented nearly all of the specialists' recommendations. Smith may have wanted different treatments, or hoped for more complete or speedier relief, but a prisoner's mere disagreement with the course of treatment is not evidence of deliberate indifference. *See Lewis v. Sood*, 126 F.4th 525, 531–32 (7th Cir. 2025). On these facts, no reasonable jury could conclude that any of the defendants were deliberately indifferent to any of Smith's medical conditions.

Smith also argues that the district court abused its discretion by striking his cross-motion for summary judgment. He relies on an outdated version of Federal Rule

of Civil Procedure 56, which provided summary judgment could be sought "at any time." The rule now provides that the district court may set its own deadlines. *See* FED. R. CIV. P. 56(b). Smith had already filed a response to the defendants' motion for summary judgment, and his own cross-motion was untimely by nearly two months.

Finally, Smith argues that the district court violated his right to due process, or at least abused its discretion, in denying his motions to recruit counsel. We disagree. For each motion, a magistrate judge applied the correct legal standard, *see Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc), and reasonably concluded that counsel was not necessary. The court considered Smith's unsuccessful efforts to recruit counsel on his own but concluded that he appeared capable of litigating on his own, pointing to Smith's successes in requesting and obtaining discovery. Smith provides no specific reason to question these determinations. *See McCaa v. Hamilton*, 959 F.3d 842, 846–47 (7th Cir. 2020).

We have considered Smith's other arguments, and none merits discussion. The judgment of the district court is AFFIRMED. Smith's motion to stay the district court's award of costs is DENIED as moot.